Dear Secretary Butterworth:
You ask substantially the following question:
Whether section 916.106(12), Florida Statutes, authorizes the Department of Children and Families to employ certified correctional officers, thereby rendering the Department an "employing agency" within the meaning of section 943.10(4), Florida Statutes?
You state that the Florida Department of Law Enforcement (FDLE) is aware of your request and has no objection to this office responding.
In February 2007, FDLE notified the Department of Children and Families (DCF) that DCF's institutional security personnel did not appear to have the same statutory authority as possessed by correctional officers as defined in section 943.10(2), Florida Statutes, and that DCF was not considered an "employing agency" as defined in section943.10(4), Florida Statutes.[1] In light of the significant impact on the many certified correctional officers currently employed as institutional security personnel by DCF, you have asked this office's opinion on this issue.
Section 916.105(1), Florida Statutes, provides that it is the intent of the Legislature that DCF "maintain separate and secure forensic facilities and programs for the treatment or training of defendants who have been charged with a felony and who have been found to be incompetent to proceed due to their mental illness, mental retardation, or autism, or who have been acquitted of a felony by reason of insanity, and who, while still under the jurisdiction of the committing court, are committed to the department or agency under the provisions of this chapter." "Forensic facility" is defined to mean a separate and secure facility established within the department or agency to serve forensic clients.[2]
Section 916.106(12), Florida Statutes, defines "Institutional security personnel" to mean "the staff of forensic facilities who meet or exceedthe requirements of s. 943.13 and who are responsible for providing security, protecting clients and personnel, enforcing rules, preventing and investigating unauthorized activities, and safeguarding the interests of citizens in the surrounding communities." (e.s.)
You state that DCF is of the opinion that the above statute authorizes DCF to employ correctional officers. You note that until notified otherwise by FDLE, the certification of correctional officers employed by DCF was not in jeopardy and that DCF, or its predecessor agency, has employed such officers in this capacity for many years.[3] FDLE, however, has advised DCF that institutional security personnel do not perform the duties of correctional officers and the statutes, while authorizing DCF to employ personnel who meet the same standards as correctional officers, do not expressly require the employment of certified correctional officers.[4]
While section 916.106(12), Florida Statutes, requires that the staff of the forensic facilities "meet or exceed the requirements of s. 943.13," it does not expressly state that such individuals must be certified correctional officers. Section 943.13, Florida Statutes, currently requires that applicants for certification as correctional officers:
"(1) Be at least 19 years of age. (2) Be a citizen of the United States, notwithstanding any law of the state to the contrary. (3) Be a high school graduate or its "equivalent" as the commission has defined the term by rule. (4) Not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or have received a dishonorable discharge from any of the Armed Forces of the United States. . . . (5) Have documentation of his or her processed fingerprints on file with the employing agency . . . . (6) Have passed a physical examination by a licensed physician, physician assistant, or certified advanced registered nurse practitioner, based on specifications established by the commission. (7) Have a good moral character as determined by a background investigation under procedures established by the commission. (8) Execute and submit to the employing agency or, if a private correctional officer, submit to the appropriate governmental entity an affidavit-of-applicant form, adopted by the commission, attesting to his or her compliance with subsections (1)-(7). . . . The affidavit shall be retained by the employing agency. (9) Complete a commission-approved basic recruit training program for the applicable criminal justice discipline, unless exempt under this subsection. An applicant who has: (a) Completed a comparable basic recruit training program for the applicable criminal justice discipline in another state or for the Federal Government; and (b) Served as a full-time sworn officer in another state or for the Federal Government for at least 1 year provided there is no more than an 8-year break in employment, as measured from the separation date of the most recent qualifying employment to the time a complete application is submitted for an exemption under this section, is exempt in accordance with s.943.131(2) from completing the commission-approved basic recruit training program. (10) Achieve an acceptable score on the officer certification examination for the applicable criminal justice discipline. (11) Comply with the continuing training or education requirements of s. 943.135."
This office would note that in requiring institutional security personnel to meet the criteria set forth in section 943.13, Florida Statutes, the statute does not specify which discipline is applicable, whether law enforcement officer, correctional officer or other. For example, subsections (9), (10) and (11) refer to "the applicable criminal justice discipline" for officers' minimum qualifications. You state, however, that although the above statute does not specify the discipline, historically DCF has applied the correctional officer standards to institutional security personnel since such personnel were at one time classified and certified as correctional officers under the career service system.[5] While the statutes and career classifications have changed, it appears that both DCF and FDLE have until recently continued to treat institutional security personnel as certified correctional officers.
Section 943.10(2), Florida Statutes, defines "Correctional officer" to mean
"any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility isthe supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel." (e.s.)
While the duties of institutional security personnel as set forth in section 916.106(12), Florida Statutes, do not encompass the care and custody of inmates within a correctional institution, they are comparable to those of correctional officers in that both are charged with the supervision, protection, care, custody, and control of confined dangerous individuals. The Legislature has failed to clearly express its intent on this issue with the result that there is ambiguity as to whether certified correction officers may be employed by DCF without losing their certification. In light of the long history of permitting certified correctional officers to maintain their certification while employed by DCF as institutional security personnel, it would be an unjust result for FDLE to decertify these officers until such time as the Legislature has an opportunity to address this issue.
Accordingly, in light of the confusion raised by the language of the statutes and the inequities that would arise from decertifying such officers after both agencies have historically acquiesced in the employment of certified correction officers as institutional security personnel, I would strongly suggest that the Department of Children and Families seek legislative clarification of this issue.[6]
Sincerely,
BM/sm
[1] Letter to Dr. James Sewell, Florida Department of Children and Families, from Michael D. Crews, Florida Department of Law Enforcement, February 27, 2007. See s. 943.10(4), Fla. Stat., defining "Employing agency" to mean "any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility."
[2] See s. 916.106(10), Fla. Stat., which also states that a "separate and secure facility means a security-grade building for the purpose of separately housing persons who have mental illness from persons with retardation or autism and separately housing persons who have been involuntarily committed pursuant to this chapter from nonforensic residents." And see s. 916.106(9), Fla. Stat., defining "Forensic client" or "client" to mean any defendant who has been committed to the department or agency pursuant to s. 916.13 (involuntary commitment of defendant adjudicated incompetent), s. 916.15 (involuntary commitment of defendant adjudicated not guilty by reason of insanity), or s. 916.302
(involuntary commitment of defendant determined to be incompetent to proceed).
[3] You state that since approximately 1974, institutional security personnel at the Department's secure forensic psychiatric facilities have been certified correctional officers and that prior to 1982, such security staff were classified as correctional officers in the career service system. According to your letter, such classification within the career service system changed with the forensic facility security personnel assigned to codes that roughly correspond to the present class codes for these employees.
[4] See s. 943.11(1)(a), Fla. Stat., creating the Criminal Justice Standards and Training Commission within FDLE; and s. 943.12, Fla. Stat., authorizing the commission to certify and to revoke the certification of officers, including correctional officers.
[5] See n. 3, supra. Compare s. 945.12(2), Fla. Stat. (1973), authorizing the Department of Corrections to enter into agreements with other state institutions providing confinement and treatment of, among others, insane persons and for the division to provide custodial personnel to maintain proper security of the persons transferred,with s. 916.18(2), Fla. Stat. (1983), authorizing the Department of Health and Rehabilitative Services to hire security staff that met or exceeded the uniform minimum standards for employment and training of correctional officers and "to contract with the Department of Corrections or any law enforcement unit of county or local government . . . for the provision of security services in said units[.]"
[6] This office has been advised that DCF is currently working with the Legislature to correct these problems.